17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Carrol SMITH, Plaintiff-Appellant,
v.
Gerald McKINSEY, et al., Defendants-Appellees.
 No. 91-15265.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Carrol Smith, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 321, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Denton, 112 S.Ct. at 1733; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Smith alleged in his complaint that the defendants deprived Smith of due process under the fifth and fourteenth amendments when they failed to return his personal property introduced as evidence at his murder and burglary trial.
 
 
 6
 The negligent or intentional unauthorized deprivation of property by state officials does not state a cognizable cause of action under section 1983 if the prisoner has an adequate post-deprivation state remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt, 451 U.S. at 544.
 
 
 7
 In his complaint, Smith alleged that the defendants failed to return his personal property in violation of section 1536 of the California Penal Code (Code) and disposed of it without proper notice in violation of section 1417.7 of the Code. Reviewing the magistrate judge's report and recommendation de novo, the district court found that Smith's complaint, at most, alleged an unauthorized deprivation of property by state officials and thus was not cognizable as a section 1983 claim because he had an adequate post-deprivation state remedy. See id.; see also Cal.Gov't Code Secs. 900 et seq. (providing adequate state tort remedy for deprivation of property by state officials). We agree.
 
 
 8
 On appeal and in his objection to the magistrate judge's report and recommendation, Smith contends that the deprivation was authorized because the property was disposed of pursuant to section 1411 et seq. of the Code, which provides for the disposition of unclaimed property. The gravamen of his complaint, however, is that the defendants violated sections 1536 and 1417.7 of the Code by failing to return his personal property and by failing to give him notice. Given these allegations, the district court did not abuse its discretion by finding that Smith's complaint lacked an arguable basis in law. See Denton, 112 S.Ct. at 1733-34.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3